UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGINIA BROBANDER, | ) | CASE NO. 1:05CV741 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| UNUM LIFE INSURANCE CO. | ) | |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion of Defendant, Humility of Mary Health Partners ("HM Health Partners") for Summary Judgment (ECF DKT #8) and the Motion of Plaintiff, Virginia Brobander ("Brobander") to Remand to State Court (ECF DKT #9). For the reasons that follow, Defendant HM Health Partners' Motion for Summary Judgment is granted and Plaintiff Brobander's Motion to Remand is denied.

**I. BACKGROUND**

Brobander filed her Complaint in Mahoning County Common Pleas Court on October 12, 2004, against her employer, HM Health Partners, and Unum Life Insurance Company of America, Unum Provident Corporation, Provident Life and Accident Insurance Company, and

Provident Life and Casualty Insurance (collectively "UNUM") for wrongful denial of her disability benefits claim. Brobander seeks recovery of allegedly past due benefits; a declaration of future benefits until age 65; interest, attorney's fees. costs and punitive damages. In addition to her individual claims, Brobander seeks to represent a class consisting of all persons nationwide whose disability policies are governed by 29 U.S.C. § 1132, the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and whose claims for disability were denied from 1991 until the present. In Paragraph VII of her Complaint. Brobander specifically recites: " As an employee of HM Health Partners, Plaintiff's claims are subject to ERISA." Moreover, in the Class Action portion of her Complaint, at Paragraph LVII(H), the potential class members are described, in part, as those individuals nationwide "whose insurance policy, benefits plan and benefits are subject to the laws of ERISA."

Plaintiff Brobander has moved for remand, since she has "become aware of the fact that the disability policy in question is not covered by ERISA." (ECF DKT #9 at p.1). Further, Brobander contends the "current amount in controversy does not meet the minimum amount required for diversity jurisdiction." Defendant HM Health Partners has moved for summary judgment in its favor. Plaintiff Brobander has asked the Court to hold that dispositive motion in abeyance, arguing that the state court should deal with the issue upon remand.

## II. LAW AND ANALYSIS

### Notice of Removal

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially

been brought in federal court." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky. 1990). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Removal jurisdiction is based on the allegations in the Complaint at the time of removal. *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868, 871 (6th Cir. 2000). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). It is equally well-settled, however, that federal courts "have a virtually unflagging obligation to exercise the jurisdiction conferred upon them by the coordinate branches of government and duly invoked by litigants." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "There is no precedent suggesting that the presumption of construing removal statutes narrowly can override this fundamental rule." *Majeske v. Bay City Bd. of Educ.*,177 F.Supp. 2d 666, 673 (E.D.Mich. 2001). It is undisputed that the federal courts have exclusive jurisdiction over ERISA claims; or, put another way, federal subject matter jurisdiction over ERISA claims exists under the doctrine of complete preemption. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987).

**Complaint of Virginia Brobander**

As previously noted, Brobander alleges her individual claims are subject to ERISA (Complaint at Paragraph VII); and that the putative class members have policies and/or benefit plans governed by ERISA law (Complaint at Paragraph LVII). Seven months after this matter was removed to federal district court, Brobander filed her Motion to Remand, based upon

recently learning that her disability policy is not covered by ERISA. She has not sought to amend her Complaint, nor to be removed as the proposed class representative. The Court agrees with UNUM that, though Brobander may no longer be a fair and adequate representative of the putative class, the Court has not lost exclusive jurisdiction of the subject matter. In addition, although UNUM disputes the propriety of certifying the alleged nationwide class of ERISA claimants dating back to 1991, the Court is not, thereby, deprived of subject matter jurisdiction. The obvious existence of a valid defense does not "oust the jurisdiction." *See, e.g., Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Fireman's Fund Ins. Co. v. Railway Express Agency, Inc.*, 253 F. 2d 780, 783 (6th Cir. 1958).

Since the well-pleaded, unaltered allegations in Plaintiff's Complaint provide a basis for exclusive, preemptive federal subject matter jurisdiction, it is unnecessary to discuss the existence of diversity jurisdiction. Furthermore, the Motion of Plaintiff, Virginia Brobander, to Remand is denied.

**Motion of Defendant, HM Health Partners for Summary Judgment**

A summary judgment should be granted only if " the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See, Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to come forward with evidence showing there is a

genuine issue for trial. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Defendant, HM Health Partners, submits as undisputed that the long-term disability policy at issue provides UNUM with the sole authority to make benefit determinations, interpret the Plan, and pay any benefits. HM Health Partners, as the employer-sponsor of the Plan, lacks any authority to allow or deny benefits; and, thus, is not an appropriate party defendant. *Daniel v. Eaton Corporation*, 839 F. 2d 263, 266 (6th Cir. 1988).

Plaintiff Brobander has not come forward with any contravening evidence as to the role of her employer, HM Health Partners. Convinced that remand is justified, she merely asserts that the dispositive motion should be held in abeyance until it can be considered in state court. Brobander tellingly has not requested, in the alternative, more time for discovery under Fed. R. Civ. P. 56(f). In light of this Court's decision not to remand the instant action, and with no facts or law to defeat the arguments put forward by HM Health Partners, the Motion of Defendant, HM Health Partners, for Summary Judgment is granted.

### III. CONCLUSION

Upon consideration of the briefs, arguments and applicable law, the Motion of Plaintiff, Virginia Brobander, to Remand is denied, and the Motion of Defendant, HM Health Partners, for Summary Judgment is granted.

**IT IS SO ORDERED.**

DATE: 1/31/07

FILED

JAN 31 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

**CHRISTOPHER A. BOYKO**
United States District Judge

-5-